# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Subpoena in <br> DAMON JAJUAN WILLIAMS <br> c/o Attorney Douglas R. Stevens, <br> 3158 O Street, N.W. <br> Washington, DC 20001 <br><br> Plaintiff, <br><br> v. <br><br> KEITH WILLIAMS, et al. <br> 1160 1st Street NE 304 <br> WASHINGTON, DC 20001 <br><br> Defendants. | Miscellaneous No.: |

## NOTICE OF REMOVAL OF A SUBPOENA MATTER

The United States Attorney, through the undersigned counsel, respectfully files this Notice of Removal of Subpoena pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446 and *Brown & Williamson Tobacco Corp, v Williams*, 62 F.3d 408, 412-15 (D.C. Cir. 1995). This Subpoena has been submitted in the case of *Damon Jajuan Williams v. Keith Williams, et al.*, a matter pending in the Superior Court of the District of Columbia. In support of this Notice, the following facts are relied upon:

1. The United States Attorney's Office for the District of Columbia ("USAODC") is in receipt of a subpoena addressed to: "U.S. Attorney's Office, District of Columbia". The Subpoena for the USAODC is through the Superior Court for the District of Columbia, and requests "[a]ny and all materials relating incident described in attached Metropolitan Police Department report 15087331".

2. A copy of the subpoena is attached hereto as Exhibit A[1].

3. The USAODC is a component of the U.S. Department of Justice, which is an agency of the United States covered by 28 U.S.C. § 1442(a)(1). Thus, the Civil Action is properly before this Court.

4. Federal executive agencies are immune from subpoena demands arising out of state-court actions. See *Houston Bus. Journal, Inc. v. Office of Comptroller of Currency*, 86 F3d 1208, 1212-13 (D.C. Cir 1996).

5. In serving the subpoena, Counsel for the Plaintiff has failed to comply with Department of Justice's *Touhy* regulations which appear at 28 C.F.R. § 16.22, 16.24, and which advise the public of Department of Justice procedures regarding response to demands for testimony. Individuals requesting information or testimony from current or former Department of Justice employees in cases in which the United States is not a party must seek approval from the United States Attorney for the district where the issuing authority is located, and the United States Attorney (or his designee), in consultation with the official in charge of the component of the DOJ responsible for collecting the information sought (or her designee), must determine whether to grant approval for the disclosure of information sought by subpoena for the production of any documents under the care of the Department of Justice.

6. Counsel for the Plaintiff has not provided a reasonable amount of time for the United States Attorney (or his high-level delegate) to determine whether granting permission for releasing information in this matter would not be contrary to an interest of the United States, which includes furthering a public interest of the Department and protecting the human and financial resources of the United States.

---

[1] USAODC received no attachment to the subpoena.

7. The USAODC intends to move to quash the subpoena upon removal of this action based on applicable Federal law.

WHEREFORE, this subpoena matter is properly removed from the Superior Court of the District of Columbia to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. The underlying proceeding is not being removed and remains pending in the Superior Court of the District of Columbia.

November 16, 2015

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: JODI GEORGE
D.C. Bar #455677
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2633
jodi.george@usdoj.gov

**SUBPOENA**

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001    Telephone (202) 879-1133

DAMON JAJUAN WILLIAMS
_____
Plaintiff

v.

KEITH WILLIAMS, et al.
_____
Defendant

SUBPOENA IN A CIVIL CASE

CASE NUMBER: 2015 CA 005307 V

To: Custodian of Records, US Attorney's Office, District of Columbia

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| COURTROOM | DATE | TIME |
|---|---|---|
|  |  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE | TIME |
|---|---|---|
|  |  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below *(list documents or objects)*:

| DOCUMENTS OR OBJECTS |
|---|
| Any and all materials relating incident described in attached Metropolitan Police Department report 15087331. |

| PLACE OF PRODUCTION | DATE | TIME |
|---|---|---|
| Law Offices of Douglas R. Stevens - 3158 O St., NW, Washington, DC 20007 | November 16, 2015 | 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE | TIME |
|---|---|---|
|  |  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. SCR-CIV 30(b)(6).

| ISSUING PERSON'S SIGNATURE AND TITLE (indicate if attorney for plaintiff or defendant) | DATE |
|---|---|
| *[signature]*  Attorney for Plaintiff | November 2, 2015 |

| ISSUING PERSON'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Douglas R Stevens, Esquire - Attorney for Plaintiff
3158 O St., NW, Washington, DC 20007
ph: 202-337-3800   fax: 202-337-6003 |

(SEE RULE 45, SUPERIOR COURT RULES OF CIVIL PROCEDURE ON REVERSE)

WHITE—ORIGINAL    YELLOW—FOR RETURN SERVICE    PINK—OFFICE COPY

Form CV(6)-433/May 94                                           4-1855 wd-392

cc: Dawn Boyce, Esq.

Authorization as required by D.C. Code §14-307 and Brown v U.S., 567 A. 2d 426 (D.C. 1989), is hereby given for issuance of a subpoena for medical records concerning a person who has not consented to disclosure of the records and has not waived the privilege relating to such records.

_____
Judge To Whom Case Is Assigned

## PROOF OF SERVICE

| SERVED | DATE | TIME | PLACE |
|---|---|---|---|
|  |  |  |  |

SERVED ON (PRINT NAME)   MANNER OF SERVICE
(attach return receipt if service was made by registered or certified mail)

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled cause and that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____                _____
                DATE                                                    SIGNATURE OF SERVER

                                                                        _____
                                                                        ADDRESS OF SERVER

RULE 45, SUPERIOR COURT RULES OF CIVIL PROCEDURE, Sections C & D:

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this Rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance,
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 25 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(b)(iii) of this Rule, such a person may in order to attend trial be commanded to travel from any such place to the place of trial, or
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv) subjects a person to undue burden.

(B) If a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 25 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## CERTIFICATE OF SERVICE

I certify that I caused copies of the foregoing Notice of Removal of Subpoena to be served, on this 16th day of November, 2015, by first class mail to:

Attorney Douglas R. Stevens,
3158 O Street, N.W.
Washington, DC 20001

Keith Williams
1160 1st Street NE 304
WASHINGTON, DC 20001

By: _____
JODI GEORGE
Special Assistant United States Attorney
Civil Division